1
2
3
4
5
6
7
8 # UNITED STATES DISTRICT COURT

9 ### EASTERN DISTRICT OF CALIFORNIA

10

11 RAUL GARZA,

Case No. 1:17-cv-01388-LJO-BAM

12     Plaintiff,

13     v.

FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM

14 CALIFORNIA SENATORS, CALIFORNIA HOUSE OF

15 REPRESENTATIVES and BARACK OBAMA,

**FOURTEEN (14) DAY DEADLINE**

16

17     Defendants.

18

19     Plaintiff Raul Garza ("Plaintiff"), a state prisoner appearing pro se in this civil rights

20 action, filed his complaint on October 16, 2017. Plaintiff's complaint challenges the

21 implementation of "Obamacare." According to Plaintiff, Obamacare's existence threatens his

22 First Amendment right to free speech. Plaintiff's Complaint is before the Court for screening.

23     **I.**    **Screening Requirement and Standard**

24     The court is required to screen complaints brought by prisoners seeking relief against a

25 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

26 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

27 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

28 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227–28 (9th Cir.1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir.1989); *Franklin*, 745 F.2d at 1227.

## II.      Plaintiff's Allegations

Plaintiff is currently housed at the California Correctional Institution in Tehachapi, California ("CCI"). Plaintiff's complaint alleges that former President Barack Obama's healthcare legislation violates Plaintiff's First Amendment right to "free speech" because Plaintiff "should not have to pay for something [he does] not need or want."   (Doc. 1 at 4).  Plaintiff also sues Defendants "California Senators" and "California House of Representatives" for allegations that Congressional leaders Paul Ryan and Kamala Harris obstructed President Donald Trump's efforts to repeal "Obamacare." Plaintiff demands monetary damages in the amount of $2.3 trillion dollars and declaratory and injunctive relief, and an express Order repealing President Obama's tenure as President of the United States.

## III.    Analysis

### 1.      Challenges to Legislation

In three counts, Plaintiff challenges the implementation of the Affordable Care Act, also known as "Obamacare," as a violation of his "freedom of speech."  Plaintiff's claims however, are generalized grievances for which he has no standing. *Baldwin v. Sebelius*, 654 F.3d 877, 879 (9th Cir. 2011)(*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). "[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Id.* Where, as here, "[p]laintiff s stake is no greater and his status no more differentiated than that of millions of other

[citizens,] ... his harm is too vague and its effects too attenuated to confer standing." *Berg v. Obama*, 574 F.Supp.2d 509, 2008 WL 4691981, at *6 (E.D. Pa. Oct. 24, 2008); *see Stamper v. United States*, No. 1:08 CV 2593, 2008 WL 4838073 (N.D. Ohio Nov. 4, 2008). Plaintiff is bringing only generalized claims.

In addition, to establish standing a plaintiff must show that he has suffered an "injury in fact." "An injury in fact is 'an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.'" *Baldwin*, 654 F.3d at 879 (*quoting Lujan*, 504 U.S. at 560). Since Plaintiff is a state prisoner and therefore he is not subject to the Affordable Care Act or the individual mandate, he lacks standing to litigate matters pertaining to other persons' private or group insurance under the Affordable Care Act. *See Flast v. Cohen*, 392 U.S. 83, 99, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968) (a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, and that the merits of the case are irrelevant).

Accordingly, the Court concludes that Plaintiff is without standing, that he cannot establish an injury in fact, and that this Court lacks jurisdiction to hear this matter.

### 2. Legislative Immunity

Second, the President of the United States is immune from suit with respect to actions taken in his official capacity, such as the signing into law of the Affordable Care Act. *See Nixon v. Fitzgerald*, 457 U.S. 731, 751–52 & n. 32, 102 S.Ct. 2690, 73 L.Ed.2d 349 (1982). Defendants "California Senators" and "California House of Representatives" are also immune from suit. The Eleventh Amendment proscribes any suit against a state, or against a state agency or department or state official, where "the state is the real, substantial party in interest," unless the state consents to suit. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100–101 (1984); *see also MCI Telecom. Corp v. Bell Atlantic of Penn.*, 271 F3d 491, 503 (3d Cir. 2001) (states are generally immune from private suits in federal court). The Eleventh Amendment is a "jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blandak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 (3d Cir. 1996) (*citing Pennhurst*, 465 U.S. at 98–100).

The complaint before the court includes no cognizable claims, and contains no factual

allegations suggesting the existence of any cognizable claim. The Court therefore recommends dismissal without leave to amend.

### IV. Conclusion and Recommendation

Plaintiff's complaint fails to state a cognizable claim. The deficiencies in Plaintiff's complaint cannot be cured by amendment, and thus leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed for failure to state a cognizable claim for relief pursuant to 28 U.S.C. § 1915A.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __April 20, 2018__          ___/s/ *Barbara A. McAuliffe*___
                                    UNITED STATES MAGISTRATE JUDGE

4